**E-FILED on** 7/10/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARMANDO AND ALINDA MARTINEZ, on behalf of themselves and a class of others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A.; WELLS FARGO HOME MORTGAGE, INC.; WELLS FARGO FINANCIAL SERVICES, INC.; and WELLS FARGO REAL ESTATE TAX SERVICES, LLC,<br><br>　　　　　Defendants. | No. C-06-03327 RMW<br><br>ORDER DENYING PLAINTIFFS' REQUEST FOR DISCOVERY AND CONTINUANCE OF HEARING ON DEFENDANTS' MOTION TO DISMISS<br><br>**[Re Docket No. 58]** |

　　On June 7, 2007 defendants Wells Fargo Bank, N.A., Wells Fargo Home Mortgage, Inc., Wells Fargo Financial Services, Inc., and Wells Fargo Real Estate Tax Services, LLC (collectively, "Wells") filed a motion to dismiss counts two through four of plaintiffs' second amended complaint ("SAC"). Plaintiffs Armando and Alinda Martinez (together, the "Martinez's") filed a request to obtain discovery in order to oppose Wells's motion.[1] Plaintiffs also seek a continuance of the July

---

[1]　Plaintiffs filed an opposition to the motion to dismiss on July 6, 2007. The court does not in this order address the motion to dismiss.

ORDER DENYING PLAINTIFFS' REQUEST FOR DISCOVERY AND CONTINUANCE OF HEARING ON DEFENDANTS' MOTION TO DISMISS—No. C-06-03327 RMW
SPT

27, 2007 hearing for defendants' motion to dismiss pending completion of the requested discovery. Wells opposes plaintiffs' request. The court has read the moving and responding papers and considered the arguments of counsel. For the reasons set forth below, the court DENIES plaintiffs' request for discovery and continuance of the hearing on defendants' motion to dismiss pending discovery.

At the June 1, 2007 case management conference, the court set the hearing date for defendants' motion to dismiss for July 27, 2007 and stayed discovery as to any factual issue. The parties dispute whether this court, by staying fact discovery in this action at the CMC, barred plaintiffs from requesting discovery in order to oppose defendants' motion to dismiss. The parties agree that at the CMC plaintiffs requested and the court considered the idea of permitting discovery at this stage of the proceeding. Defendants argue that, by staying discovery, the court essentially concluded that discovery was not appropriate prior to the resolution of defendants' motion to dismiss. Defendants submit that if discovery is needed, plaintiffs should simply explain why in their opposition to the motion and the court can decide the motion on the arguments presented. Plaintiffs, on the other hand, contend that although the court decided to stay discovery, plaintiffs are not otherwise barred from making a request for discovery in order to oppose defendants' motion. According to plaintiffs, such discovery would put the issue of preemption "to rest once and for all" and may yield information that is central to other aspects of the case.

As defendants argue, "the purpose of [Fed. R. Civ. P.] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (citation omitted). A motion pursuant to Fed. R. Civ. P. 12(b)(6) may be treated as one for summary judgment if matters outside the pleadings are presented for the court's consideration. However, this is not the case here.[2]

---

[2]   Specifically, plaintiffs seek to depose defendants and make document requests about Wells's decision making process for settlement fees and costs incurred in providing settlement services for the period from January 1, 1998 through the present. *See* Pls.' Mot. Discovery, Ex. A.

ORDER DENYING PLAINTIFFS' REQUEST FOR DISCOVERY AND CONTINUANCE OF HEARING ON DEFENDANTS' MOTION TO DISMISS—No. C-06-03327 RMW
SPT                                    2

1  Plaintiffs support their request by arguing that the issue of whether the National Bank Act
2 preempts their Cal. Bus. and Prof. Code Section 17200 claims is a factual inquiry and, therefore,
3 defendants' motion to dismiss such claims on the basis that they are preempted cannot be resolved
4 prior to discovery.  Plaintiffs contend that the court's March 30, 2007 Order Granting Motion to
5 Dismiss Counts Two through Six of First Amended Complaint ("March 30, 2007 Order") "found
6 that conflict preemption under 12 C.F.R. § 7.4002 may exist if Wells Fargo met certain factual
7 requirements."  Pls.' Mot. Discovery at 1:13-14.  Therefore, plaintiffs submit, they need limited
8 discovery to address this specific factual issue.

9  Plaintiffs read the court's March 30, 2007 Order too broadly.  The court did not hold that the
10 issue of conflict preemption turned on whether defendants meet certain factual requirements.  In the
11 March 30, 2007 Order, this court concluded that there is no field preemption by the National Bank
12 Act, but that there is conflict preemption.  *See* Mar. 30, 2007 Order at 10:15-19 (citing *Wells Fargo*
13 *Bank N.A. v. Boutris*, 419 F.3d 949, 963 (9th Cir. 2005) (holding that "states may regulate national
14 banks where 'doing so does not prevent or significantly interfere with the national bank's exercise of
15 its powers'") (citation omitted)).  Specifically, the court held that the National Bank Act granted
16 national banks the express power to engage in real estate lending and that specific regulations issued
17 by the Office of the Comptroller of the Currency ("OCC") authorized national banks to charge non-
18 interest charges and fees.  Therefore, plaintiffs' § 17200 claims, which allege that defendants' non-
19 interest charges and fees in connection with its real estate lending operations violate § 17200, were
20 preempted under the principle of conflict preemption.  *See* Mar. 30, 2007 Order at 10:20-12:15.

21  Although the court also discussed that the OCC regulations set forth in 12 C.F.R. § 7.4002[3]

---

[3]  Section 7.4002 provides that a national bank "may charge its customers non-interest charges and fees, including deposit account service charges" and that the determination of such charges and fees are "business decisions to be made by each bank, in its discretion, according to sound banking judgment and safe and sound banking principles."  A national bank is deemed to establish such charges and fees in accordance with safe and sound banking principles if "the bank employs a decision-making process through which it considers the following factors:"

   (i) The cost incurred by the bank in providing the service;
   (ii) The deterrence of misuse by customers of banking services;
   (iii) The enhancement of the competitive position of the bank in accordance with the bank's business plan and marketing strategy; and

ORDER DENYING PLAINTIFFS' REQUEST FOR DISCOVERY AND CONTINUANCE OF HEARING ON DEFENDANTS' MOTION TO DISMISS—No. C-06-03327 RMW
SPT                                                3

1  provide that a bank is deemed to have established non-interest charges and fees in accordance with
2  safe and sound banking principles if it employs a decision-making process through which it
3  considers certain factors, the court did not hold that the application of conflict preemption turned on
4  whether a bank has complied with these factors.  As defendants argues, these factors are merely
5  guidelines provided by the OCC to banks setting forth the criteria a bank should consider in setting
6  non-interest charges and fees.

       Accordingly, the court concludes that discovery is not warranted for the purpose of opposing defendants' motion to dismiss.  *See Rutman Wine Co.*, 829 F.2d at 738 (holding that "if the allegations of the complaint fail to establish the requisite elements of the cause of action, our requiring costly and time consuming discovery and trial work would represent an abdication of our judicial responsibility") (internal quotation marks and citation omitted).

## ORDER

For the foregoing reasons, the court DENIES plaintiffs' request for discovery and continuance of the hearing on defendants' motion to dismiss pending discovery.

DATED:   7/10/07

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

---

27      (iv) The maintenance of the safety and soundness of the institution.
28  12 C.F.R. § 7.4002(b)(2).

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

Jacquetta Bardacos      jbardacos@packard.com
Ronald D. Packard      rdpackard@packard.com
Von G. Packard      vpackard@packard.com
Timothy G. Blood      timb@lerachlaw.com

**Counsel for Defendants:**

Robert Bader      rbader@goodwinprocter.com
William F. Sheehan      wsheehan@goodwinprocter.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 7/10/07            SPT
**Chambers of Judge Whyte**

United States District Court
For the Northern District of California

ORDER DENYING PLAINTIFFS' REQUEST FOR DISCOVERY AND CONTINUANCE OF HEARING ON DEFENDANTS' MOTION TO DISMISS—No. C-06-03327 RMW
SPT     5